IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**RICKY GODBOLT**                                                                 **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO. 3:13CV143 HTW-LRA**

**RONALD KING**                                                            **RESPONDENT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Ricky Godbolt filed a petition for federal habeas corpus relief on March 11, 2013. Respondents move to dismiss the petition for failure to exhaust available state court remedies as required under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Petitioner has also filed a motion to dismiss the instant petition without prejudice pending exhaustion of his unexhausted claims in state court. The Court recommends that his petition be dismissed without prejudice for the reasons that follow.

Godbolt was convicted of murder in the First Judicial District of the Circuit Court of Hinds County, Mississippi, and was sentenced to life imprisonment in the Mississippi Department of Corrections on March 31, 2010.[1] Petitioner appealed and raised the following as his sole ground for relief:

> The trial court erred in giving jury instruction S-4 on unexplained flight, as there was no evidence of immediate flight given.[2]

Godbolt's conviction and sentence were affirmed by the Mississippi Court of Appeals in *Godbolt v. State,* 100 So.3d 986 (Miss. Ct. App. 2012), *reh'g denied,* July 31, 2012, *cert.*

---

[1] ECF No. 10-1.

[2] ECF No. 10-2, p. 6.

*denied,* Nov.1, 2012. Godbolt now seeks federal habeas corpus relief and raises over 11 new grounds for relief in his petition. Respondents argue, and Godbolt candidly admits, that he failed to raise these new grounds on direct appeal and has failed to file a petition for post-conviction relief with the Mississippi Supreme Court. *See* Miss. Code Ann. § 99-39-1, *et. seq*. Godbolt requests therefore that this court dismiss the instant petition without prejudice so that he may exhaust his new claims in state court.

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief.[3] *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal

---

[3] The exhaustion requirement is contained in Section 2254(b)(1) and provides in part the following:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

    (A)  the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i)  there is an absence of available State corrective process; or
       (ii)  circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Because exhaustion is a mandatory prerequisite for federal review, Petitioner must present his new claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). Until such time, the claims are unexhausted and may not be considered by this Court. Petitioner does not request that this matter be held in abeyance pending his exhaustion, and the Court finds that no "good cause" has been shown to do so. *See Rhines v. Weber,* 544 U.S. 269, 277 (2005). The parties' joint request to dismiss the instant petition for failure to exhaust should therefore be granted.[4]

Petitioner is HEREBY warned that the filing of the instant habeas corpus petition ***did not toll*** the one-year federal statute of limitations prescribed in 28 U.S.C. § 2244(d), which commenced running on or around January 30, 2013, 90 days after certiorari was denied by the Mississippi Supreme Court on November 1, 2012. *See* Rule 13(1) of the United States

---

[4] The Court is mindful of its discretion, as argued in Respondent's motion to dismiss, to hold this matter in abeyance pending Petitioner's exhaustion of his alleged state court remedies, or in the alternative, to allow him to file an amended petition excluding the unexhausted grounds. But as noted herein, Petitioner has filed a separate motion expressly requesting that this court dismiss his habeas petition in its entirety without prejudice so that he may fully exhaust his state court remedies. ECF No. 11. The Court finds the motion should be granted for the reasons stated.

Supreme Court Rules; *see also Roberts v. Cockrell,* 319 F.3d 690, 694 (5th Cir. 2003) (state court judgment becomes final for AEDPA purposes when the time to file a petition for writ of certiorari with the Supreme Court has expired, i.e., 90 days after the judgment is entered); *Duncan v. Walker*, 533 U.S. 167 (2001) (the statute of limitations period and the tolling provision, together with the exhaustion requirement, encourage litigants to first exhaust all state court remedies and then to file their federal habeas petitions as soon as possible). Petitioner is cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1,

2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 4th day of October, 2013.

/s/  Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE